**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
T: (212) 940-8800
F: (212) 940-8776

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPV OSUS LTD., <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, UBS (LUXEMBOURG) S.A., UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., AIA LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) S.A., ACCESS MANAGEMENT LUXEMBOURG S.A., ACCESS PARTNERS S.A. (LUXEMBOURG), PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET A/K/A CLAUDINE DE LA VILLEHUCHET, EXECUTRIX, CLAUDINE MAGON DE LA VILLEHUCHET A/K/A CLAUDINE DE LA VILLEHUCHET, INDIVIDUALLY, PIERRE DELANDMETER, AND THEODORE DUMBAULD, <br><br> Defendants. | Civ. No. 15-00619 (JSR) |

**REPLY DECLARATION OF PATRICK LITTAYE**

1.  I am submitting this declaration pursuant to 28 U.S.C. § 1746 in further support of the Access Defendants' motion to dismiss the Complaint filed in this proceeding.[1] The facts and

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Access Defendants' memorandum of law.

matters to which I declare are based on my personal knowledge and are true to the best of my belief.

2. I understand from my attorneys that the Plaintiff in this case has asserted that of the Foreign Defendants should not be treated as separate entities, but instead as one single entity with the locus in New York. This is incorrect.

3. Luxalpha and Groupement (the "Funds") were serviced by UBS, which turn received assistance in its duties from Access International Advisors Europe ("Access Europe").

4. Access Europe now dissolved, was a limited company formed under the laws of United Kingdom. Access Europe's officers were located at 5-11 Lavington Street, SE1 0NZ London, England. It never had any offices outside of London and all of the employees worked in that office.

5. Access Europe's bank accounts were maintained in London and all management and strategic decisions were made in London by myself and the local London management team.

6. In performing its duties, Access Europe analyzed the BLMIS account statements and trade tickets in view of calculating the Funds' NAVs and calculating their returns. Access Europe's London office had four employees who were dedicated to working on these tasks. These employees reported directly to me.

7. AIA Inc. and AIA LLC were in no way operating as Access Europe's agent or serving any significant role in the administration of the Funds' investments in BLMIS. Again, those services were effectively performed by Access Europe in London.

8. Generally speaking, Plaintiff's allegations that all of the Foreign Defendants were a single unit disregard the fact that each Foreign Defendant was a separate corporate entity with distinct functions. Plaintiff also gives undue importance to AIA Inc. and AIA LLC, both of

which had little to no role with respect to Madoff-related business and whose activity was essentially devoted non BLMIS related hedge funds.

9.   Ultimately, if any office acted as the center of the Funds' BLMIS-related activity, it was Access Europe's London office. In contrast, the activities that took place in New York were focused on advising the other ten to fifteen non-BLMIS funds.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _____ Paris _____ on this 25th day of September, 2015.

Patrick Littaye